IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

OIREAL WAGONER,

Defendant.                                                    No. 10-30182-DRH

ORDER

HERNDON, Chief Judge:

Before the Court is Defendant Oireal Wagoner's Motion to Continue Trial (Doc. 12).   Specifically, Defendant Wagoner asks that her trial currently set for January 3, 2011 be continued for sixty days as she is currently conducting plea negotiations which will not be completed before the current trial date.   The Government has no objections to the motion.   Based on the reasons set forth in the motion, the Court finds that additional time is needed so that Defendant can continue in her plea negotiations.   Further, the Court founds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial.   To force a defendant to trial on a case that appears to have a potential to resolve amicably would constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Motion to Continue Trial (Doc. 12).  The Court **CONTINUES** the trial currently scheduled for January 3, 2011

until **March 7, 2011 at 9:00 a.m.**  The time from the date the motion was filed, December 17, 2010, until the date on which the trial is rescheduled, March 7, 2011, is excludable for puprose of a speedy trial.

In continuing the trial, the Court also notes that Defendant Wagoner was previously given twenty-one (21) days from the date of her arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, *Bloate v. United States*, **130 S.Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation are not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but require case-specific findings under **18 U.S.C. § 3161(h)(7).  *See Bloate*, 130 S.Ct. at 1352.**  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued November 5, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, November 5, 2010, until the date on which the twenty-one days expired, November 29, 2010, is excludable for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on

the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at

the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 21st day of December, 2010.

David R. Herndon
2010.12.21
14:52:02 -06'00'

**Chief Judge**
**United States District Court**